1
2
3
4
UNITED STATES DISTRICT COURT
5
DISTRICT OF NEVADA
6
* * *
7
TRUDI HANSEN,                                )
                                             )
8
        Plaintiff,                           )        2:06-cv-01509-ECR-RJJ
                                             )
9
vs.                                          )
                                             )        **O R D E R**
10
MICHAEL J. ASTRUE,                           )
COMMISSIONER OF                              )
11
SOCIAL SECURITY,                             )
                                             )
12
        Defendant.                           )
_____        )
13
14
        This matter is before the Court on Petitioner Richard E. Donaldson's Application for
15
Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (#35). The Court has considered the Application
16
(#35), the Government's Response (#37); and the applicant's Reply (#37).

17
                                    **BACKGROUND**
18
        Plaintiff Trudi Hansen, through retained counsel Richard E. Donaldson, filed her social
19
security complaint on November 27, 2006. Hansen requested that the case be remanded for an award
20
of benefits. (#16). On January 26, 2009, this Court entered an order recommending that the case be
21
remanded for further proceedings. (#22). The recommendation was approved and adopted. (#24).
22
        On June 29, 2009, the Court granted the parties' stipulation and ordered payment of attorney
23
fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $7,000.00. (#33).
24
        On or about March 13, 2010, the Commissioner granted Hansen's application and awarded
25
retroactive benefits in the amount of $81,746.50. The Commissioner withheld $20,005.25, which
26
is equal to 25 percent of the retroactive award, for payment of attorney fees pursuant to 42 U.S.C.
27
§ 406(b). Hansen's counsel is seeking $20,005.25 in attorney fees for 58.8 hours worked. After
28
crediting $7,000.00 previously received pursuant to EAJA, the net fee request is $13,005.25.

**DISCUSSION**

Title 42, United States Code, section 406(b)(1)(a) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgement a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ....

A court independently reviews a section 406(b) fee petition to ensure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court must respect "the primacy of lawful attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793. When reviewing a contingent-fee agreement, the court looks first to the agreement and then tests it for reasonableness. *Gisbrecht*, 535 U.S. at 808 ("Courts ... approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness"); *see also Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). Fee agreements that provides for fees exceeding 25 percent of past-due benefits are unenforceable. *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." 535 U.S. at 807.

It appears the Supreme Court intends that contingency fees be given "great deference" unless the court finds them to be unreasonable. *Brown v. Astrue*, 2010 WL 816814 *4 (W.D. Wash.) (citing *Mizell v. Astrue*, 2008 WL 536168 *5 (S.D. Ala.)); *see also Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (noting that since *Gisbrecht* was handed down, courts have generally been deferential to contingent fee contract terms in section 406(b) cases). In *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009), the Ninth Circuit identified the following factors for consideration in determining whether a requested fee is reasonable: (1) the character of the representation and the result achieved, (2) whether the attorney was responsible for any delay, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case. *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

Here, there is no indication that counsel's work was substandard. Counsel is a competent attorney with extensive experience in this area of law who secured a successful result for his client.

1   There is nothing suggesting that counsel was responsible for any delay.  The fee agreement itself

2   provides substantial details regarding the awarding of fees in these types of cases and does not

3   exceed the 25 percent boundary established by section 406(b).  Neither the Commissioner nor the

4   client objects to the fee amount.  Finally, the $20,005.25 fee ($13,005.25 net fee after subtracting the

5   awarded EAJA fee) is not excessively large in relation to the past due award of $81,746.50 in

6   retroactive benefits.  In reaching this determination, the Court recognizes the contingent nature of

7   this case and counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262 F.

8   Supp. 2d 1033, 1037 (N.D. Cal. 2003) (noting that basing a reasonableness determination on a

9   simple hourly rate does not adequately take into account that an attorney working pursuant to a

10  contingency contract runs a substantial risk of loss).

11          The Court finds further that the requested fees are reasonable in comparison to the amount

12  of work performed by counsel. Counsel engaged in significant records research and filed a lengthy,

13  detailed request for reversal. Counsel submitted a detailed billing statement supporting his request

14  and showing that the hourly rate for the work performed would effectively be $340 per hour–which

15  is less than counsel's standard billing rate of $350 per hour. When viewed in the context of the

16  contingency nature of this case, the Court finds the rate reasonable.  *See e.g.*, *Hearn*, 262 F.Supp.

17  2d at 1036-37 (reviewing cases with awards of effective hourly rates ranging from $187.55 to

18  $694.44, and awarding an effective hourly rate of $450.00).

19                                          **ORDER**

20          Based on the foregoing, and good cause appearing therefore,

21          IT IS HEREBY ORDERED that Petitioner Richard E. Donaldson's Application for

22  Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $20,005.25..

23          IT IS FURTHER ORDERED that Petitioner Richard E. Donaldson refund $7,000.00, the

24  amount awarded by this court to Plaintiff Trudi Hansen.

25          DATED this  _16th_  day of July, 2010.

26

27          _____
            ROBERT J. JOHNSTON
28          United States Magistrate Judge